UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REAHNA CIAMPA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) ) ) |

## ANSWER AND JURY DEMAND OF FORD MOTOR COMPANY

Now comes the defendant, Ford Motor Company ("Ford") and responds as follows to the Plaintiffs' Complaint:

1. Ford is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Ford admits that it is a Delaware corporation with its principal place of business in Dearborn, Michigan. Ford admits that it transacts business in the Commonwealth of Massachusetts.

3. Ford is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Ford is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Ford admits that it designs in part, manufactures in part and distributes to certain independent authorized dealers certain motor vehicles, including Ford Explorers.

6. Ford is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Ford admits that certain warranties are created with the sale of goods. Ford denies the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. Ford is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Ford denies the allegations contained in Paragraph 9 of the Complaint.

## COUNT I

10. Ford repeats its responses to Paragraphs 1 through 9 of the Complaint.

11. Ford denies the allegations contained in Paragraph 11 of Count I of the Complaint.

## COUNT II

12. Ford repeats its responses to Paragraphs 1 through 11 of the Complaint.

13. Ford denies the allegations contained in Paragraph 12 of Count II of the Complaint.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against Ford on which relief can be granted.

### SECOND SEPARATE DEFENSE

The plaintiffs are barred from recovery against Ford because any alleged injuries and losses were proximately caused by Reahna Ciampa's own negligent conduct and carelessness or other wrongdoing.

### THIRD SEPARATE DEFENSE

The plaintiffs are barred from recovery against Ford because any alleged damages were caused by the acts or omissions of third persons over whom Ford exercised no control and for whose conduct Ford bears no responsibility.

### FOURTH SEPARATE DEFENSE

If the subject vehicle is defective (which Ford specifically denies), the plaintiffs are barred from any recovery because Reahna Ciampa was aware of the alleged defect and nonetheless voluntarily and unreasonably chose to encounter the known dangers created by the alleged defect.

### FIFTH SEPARATE DEFENSE

The plaintiffs are barred from any recovery against Ford because the conduct of Reahna Ciampa, considered alone or in conjunction with that of third parties, was the sole proximate cause of the plaintiffs' alleged damages.

### SIXTH SEPARATE DEFENSE

The plaintiffs are barred from recovery against Ford because any alleged injuries and losses were caused by the intervening and superseding actions of third persons for whose conduct Ford is not responsible.

### SEVENTH SEPARATE DEFENSE

The plaintiffs' claim against Ford is barred insofar as it is based on a theory of breach of warranty because the plaintiffs failed to give Ford timely notice of the alleged breach thereby causing Ford undue prejudice.

### EIGHTH SEPARATE DEFENSE

The plaintiffs are barred from recovery against Ford because they failed to comply with the application statute of limitations.

### NINTH SEPARATE DEFENSE

The plaintiffs' injuries and damages were enhanced and worsened by Reahna Ciampa's failure to act reasonably to avoid known or likely consequences.

### TENTH SEPARATE DEFENSE

The plaintiffs are barred from recovery because Reahna Ciampa assumed the risk of injury.

### ELEVENTH SEPARATE DEFENSE

The plaintiffs' damages, if any, should be reduced in whole or in part because of Reahna Ciampa's comparative fault.

### TWELFTH SEPARATE DEFENSE

The subject vehicle was being misused in an unforeseeable fashion at the time of the incident alleged in the Complaint.

### ADDITIONAL SEPARATE DEFENSES

Ford reserves the right to raise additional affirmative defenses after the completion of its investigation and discovery herein.

**FORD MOTOR COMPANY DEMANDS A TRIAL BY JURY ON ALL ISSUES**

FORD MOTOR COMPANY,

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_____
James M. Campbell (BBO No. 541882)
Mark J. Hoover (BBO No. 564473)
Sara K. Thompson (BBO No. 648258)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys for all parties by mail on November 14, 2003.

_____
Mark J. Hoover