| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Reahna Ciampa | Ford Motor Company |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Carroll E. Ayers, Esq. (781) 246-3400<br>Ayers & Byrd, 21 West Water St., Wakefield, MA 01880<br>Board of Bar Overseers number: 024720 | |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence Personal Injury | ( F ) | ( x ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................. $ 92,756.00
  2. Total Doctor expenses .............................................................. $ 9,727.00
  3. Total chiropractic expenses ........................................................ $ 0
  4. Total physical therapy expenses ................................. Included with Hospital .. $
  5. Total other expenses (describe) ........... Radiology, Ambulance, WheelChair .. $ 5,396.28
       Subtotal $ 107,880.04
B. Documented lost wages and compensation to date ..................................... $ 0
C. Documented property damages to date ............................................... $ 10,000.00
D. Reasonably anticipated future medical and hospital expenses ....................... $ 35,000.00
E. Reasonably anticipated lost wages ................................................. $
F. Other documented items of damages (describe) ..................................... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Open right Patella fx, Pelvic fx, Glenoid neck fx, Orbit fx

                                                                               $
                                                          TOTAL $ 152,880.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
        ASSISTANT CLERK.

### SUCV2003-04998
### Ciampa v Ford Motor Company

| | | | | | |
|---|---|---|---|---|---|
| File Date | 10/22/2003 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 11/25/2003 | Session | F - Civil F | | |
| Origin | 1 | Case Type | B04 - Other negligence/pers injury/pro | | |
| Lead Case | | Track | F | | |
| Service | 01/20/2004 | Answer | 03/20/2004 | Rule12/19/20 | 03/20/2004 |
| Rule 15 | 03/20/2004 | Discovery | 08/17/2004 | Rule 56 | 09/16/2004 |
| Final PTC | 10/16/2004 | Disposition | 12/15/2004 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Reahna Ciampa
Active 10/22/2003

**Private Counsel 024720**
Carroll E Ayers
Ayers & Byrd
21 West Water Street
Wakefield, MA 01880
Phone: 781-246-3400
Fax: 781-246-0869
Active 10/22/2003 Notify

**Defendant**
Ford Motor Company
Served: 10/30/2003
Served (answr pending) 11/06/2003

**Private Counsel 541882**
James M Campbell
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 11/25/2003 Notify

**Private Counsel 564473**
Mark J Hoover
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 11/25/2003 Notify

| Date | Paper | Text |
|---|---|---|
| 10/22/2003 | 1.0 | Complaint filed with request for trial by jury |
| 10/22/2003 | | Origin 1, Type B04, Track F. |
| 10/22/2003 | 2.0 | Civil action cover sheet filed |
| 11/06/2003 | 3.0 | SERVICE RETURNED: Ford Motor Company(Defendant) (In hand on 10/30/03) |
| 11/17/2003 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Ford Motor Company U. S. Dist.#(03-CV-12274JLT). |
| 11/25/2003 | | Case REMOVED this date to US District Court of Massachusetts |

case01 232038 y y y y y y

I HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY,
ASSISTANT CLERK.

1

COMMONWEALTH OF MASSSACHUSETTS

SUFFOLK, SS.                           SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT 03-4998 F
                                       CIVIL ACTION NO.

| | |
|---|---|
| REAHNA CIAMPA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S COMPLAINT

PARTIES

1.  The Plaintiff is a resident of Quincy, Massachusetts.

2.  Defendant Ford Motor Company ("Ford") is a foreign corporation duly registered under the laws of the State of Delaware with a usual place of business at the American Road, City of Dearborn, State of Michigan, and at all times relevant to this complaint, was registered to do business in Massachusetts and engaged in business within the Commonwealth of Massachusetts.

FACTS

3.  On or about August 25, 1999, Plaintiff then a minor, was a passenger in a 1998 Ford Explorer ("Explorer"). The vehicle identification number is 1FMZU35P4WZA66313. The Explorer was registered in the Commonwealth of Massachusetts, Massachusetts Registration 3715JC to William Metz. At the time of the accident the Explorer rolled over on a public way on the Southeast Expressway the City of Boston, County of Suffolk in the Commonwealth of

Massachusetts. As a result of the motor vehicle accident, the Plaintiff was caused to suffer serious, disabling and permanent injuries.

4. The Explorer was designed, manufactured and sold by the Defendant, Ford.

5. Ford, at all times relevant to this complaint and the transactions that occurred, including but not limited to the sale of the Ford Explorer was the manufacturer of the Explorer and a merchant dealing in goods and motor vehicles of that kind.

6. Ford was negligent and careless and/or grossly negligent in both the design, manufacture, distribution and sale of the Explorer and negligently failed to warn of the danger which caused the Plaintiff's injuries it knew or in the exercise of due care should have known.

7. Ford, its servants, agents, employees and those persons for whose conduct Ford was legally responsible, impliedly warranted that the Explorer would be of merchantable quality and, as such would be fit for any ordinary and reasonable purpose contemplated for its use. The Explorer was not of merchantable quality, was defective and dangerous, which defect should have been reasonably foreseen and discovered by Ford and which the Plaintiff could not have reasonably discovered.

8. Timely notice of the Defendant's breach of warranty was given and/or the Defendant was not prejudiced by any failure to give notice or for any inadequate notice.

9. As a result of the negligence and carelessness and breaches of warranty of the Defendant Ford. Plaintiff suffered serious and permanent bodily injuries. As a result of the breach of warranty, the carelessness and gross negligence and other conduct of said Defendant Ford, Plaintiff was caused to suffer severe bodily injuries, conscious pain and suffering, permanent injury, incurred expenses for lost earning capacity, medical, nursing expenses and other damages to be proved at trial.

## COUNT I

10. Plaintiff restates and realleges the facts as set forth in paragraphs 1 through 9 of the complaint as if fully stated herein.

11. Ford was careless, negligent and/or grossly negligent and said negligence and carelessness proximately caused the injuries as set forth above to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Ford Motor Company for negligence in an amount to adequately but completely compensate her for her injuries together with her costs.

## COUNT II
### Breach of Warranty

12. The Plaintiff restates and realleges the facts as set forth above in this complaint in paragraphs 1 to 11 as if fully stated herein.

13. As a result Ford breached its implied warranty of merchantability and said breach was a direct and proximate cause of the damages and injuries suffered by the Plaintiff as set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant for breach of warranty in an amount to adequately but completely compensate her for her damages together with her costs.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL RAISED IN COUNTS I AND II OF HER COMPLAINT.

Dated: 10/20/03

Plaintiff,
By her attorney,

Carroll E. Ayers, Esquire
21 West Water Street
Wakefield, MA 01880
(781) 246-3400
BBO #024720

I HEREBY ATTEST AND CERTIFY ON NOV. 26, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK

*Suffolk Superior Civil # 03-4998F*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          C.A. NO. SUCV2003-04998F

| | |
|---|---|
| REAHNA CIAMPA, ) | |
| ) | U.S. DIST |
| Plaintiff, ) | |
| ) | |
| v. ) | 03-CV-12274 JLT |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

TO:   Clerk of the Superior Court        Carroll E. Ayers
      Suffolk County                     Ayers & Byrd
      3195 Main Street                   21 West Water St
      Barnstable, MA  02630              Wakefield, MA  01880

Please take notice that the defendant, Ford Motor Company ("Ford") with a principal place of business in Dearborn, Michigan, has this day, November 14, 2003, filed a notice of removal pursuant to 28 U.S.C. § 1332, containing a statement of facts which entitled it to remove the case to the United States District Court for the District of Massachusetts at Boston, together with a copy of all pleadings in its possession.

FORD MOTOR COMPANY,

By Its Attorneys,

CAMPBELL, CAMPBELL EDWARDS
& CONROY, P.C.

_____
James M. Campbell (BBO # 541882)
Mark J. Hoover (BBO # 564473)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

I HEREBY ATTEST AND CERTIFY ON
NOV. 26, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
      ASSISTANT CLERK

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the above document upon counsel for all parties by mail on November 14, 2003.

_____
Mark N. Hoover